IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TWILA HARTFORD, et. al., | No. C 05-202 SBA |
| Plaintiffs, | **ORDER** |
| v. | |
| ATLAS TURNER INC., et. al., | |
| Defendants. | |
| MCDONNELL DOUGLAS CORP., | |
| Removing Defendant. | |

This matter comes before the Court on Plaintiffs' Motion to Remand. After reviewing the papers filed by the parties, the Court finds that it would benefit from supplemental briefing.

This action was removed from San Francisco Superior Court by Defendant McDonnell Douglas Corp. on the grounds that the Court has jurisdiction pursuant to the federal officer removal statute, 28 U.S.C. § 1442(a)(1). The action involves claims for wrongful death arising out of Noel Hartford's death from lung cancer, allegedly caused by exposure to asbestos. On April 27, 2005, Defendant McDonnell Douglas Corp. notified the Judicial Panel on Multidistrict Litigation ("JPML") that the instant action may be a tag-along action appropriate for transfer to the Multidistrict Litigation ("MDL") Transferee Court.

Accordingly, the Court orders the parties to submit supplemental briefing on the issue of whether the action should be stayed pending a ruling on transfer to the MDL Transferee Court. The decision to grant or deny a temporary stay of proceedings pending a ruling on the transfer of the matter to the MDL

court lies within this Court's discretion. Landis v. North American Co., 299 U.S. 248, 254-55 (1936); Good v. Prudential ins. Co. of Am., 5 F. Supp. 2d 804, 809 (N.D. Cal. 1998). Deference to the MDL court for resolution of a motion to remand may provide the opportunity for the uniformity, consistency, and predictability in litigation that underlies the multidistrict litigation system. See 28 U.S.C. § 1407. See also, Gonzalez v. American Home Products, Inc., 223 F. Supp. 2d 803 (S.D. Tex. 2003); Medical Society of State of New York v. Connecticut, 187 F. Supp. 2d 89 (SDNY 2001); Weinke v. Microsoft Corp, 84 F. Supp. 2d 989, 990 (E.D. Wis. 2000). In deciding whether to rule on a motion to remand, courts consider whether the motion raises issues likely to arise in other actions pending before the MDL transferee court. Shields v. Bridgestone/Firestone, Inc., 232 F. Supp. 2d 715, 718 (E.D. Tex. 2002).

IT IS HEREBY ORDERED THAT the parties shall file and serve their briefs of no longer than ten (10) pages, supported by case law, and directly addressing the issue of whether a stay would be appropriate in this case. The briefs must be filed no later than **June 1, 2005.**

IT IS FURTHER ORDERED THAT the hearing on Plaintiff's Motion to Remand is continued to June 28, 2005.

IT IS SO ORDERED.

/s/ Saundra Brown Armstrong

Dated: 5-11-05

SAUNDRA BROWN ARMSTRONG
United States District Judge

2